U.S. Court of Appeals for the First Circuit
No. 95-399

### CITY OF PORTSMOUTH

v.

### RICHARD SCHLESINGER & a.

March 12, 1996

*Devine, Millimet & Branch, P.A.*, of Manchester (*Steven E. Grill* and *Alexander J. Walker, Jr.* on the brief, and *Mr. Grill* orally), for the plaintiff.

*Sheehan, Phinney, Bass + Green, P.A.*, of Portsmouth (*Christopher Cole* on the brief and orally), for the defendants.

PER CURIAM. The United States Court of Appeals for the First Circuit (*Young*, J.) has certified to us the following question of law, *see* SUP. CT. R. 34, concerning a promissory note executed by the defendants, Richard Schlesinger and William Weinstein (the developers), in favor of the plaintiff, the City of Portsmouth (the city):

> Are the statutes of limitation set forth in RSA 677:2 and :4 applicable to the so-called "illegality" defense raised by the Developers in the instant case?

For the reasons stated below, we conclude that the defendant's affirmative defense of illegality is not subject to, nor controlled by, either RSA 677:2 (Supp. 1995) or RSA 677:4 (Supp. 1995).

The developers are the sole partners in Portsmouth Coastal Development Partners (PCDP), a New Hampshire general partnership. In July 1985, PCDP acquired land and a development in Portsmouth known as Mariner's Village. In late 1985, PCDP began active negotiations with the Portsmouth City Council to convert the existing housing units to condominium ownership. As a result, the city enacted a "Special Overlay District Ordinance" permitting conversion and construction of additional condominium units on the site. In exchange, PCDP agreed to pay the city $2,500,000 in six lump sum payments, set aside rent-controlled units, execute "model lease agreements" with certain existing tenants, and provide "relocation assistance" to any tenant asked to move within the complex. PCDP executed a promissory note to the City of Portsmouth for $2,500,000, to which the developers, individually, agreed to be jointly and severally liable. PCDP subsequently made only two payments on the note and went into default in November 1989, leaving a balance due on the note of $1,700,000. The city sued the developers in federal district court for this outstanding balance due. Shortly before trial, the District Court (*Perez-Gimenez*, J.) allowed the developers to amend their answer to include the affirmative defense of illegality. The developers claimed that the note was unenforceable and the underlying contract void because the creation of the special zoning district was an ultra vires act by the city. The District Court (*Barbadoro*, J.) entered judgment for the defendants, concluding that the developers had "proven that Portsmouth lacked the authority to require the defendants to impose the 2.5-million-dollar payment condition. The condition was thus an illegal ultra vires act. Accordingly, . . . the note is unenforceable because it lacks consideration." We interpret this ruling to be grounded in basic contract law; as there was no consideration, there was no binding contract.

The First Circuit Court of Appeals initially reversed the district court, ruling that the developers had waived the illegality defense by failing to raise it in a timely fashion under RSA 677:2 and RSA 677:4. *City of Portsmouth v. Schlesinger*, 46 F.3d 133, 138 (1st Cir. 1995) (rehearing granted; opinion vacated and withdrawn June 13, 1995). After considering the developers' petition for reconsidera-

tion, the First Circuit Court of Appeals certified the question of timeliness to this court. *City of Portsmouth v. Schlesinger*, 57 F.3d 12, 18 (1st Cir. 1995).

RSA 677:2 provides that any party to the action may apply for rehearing of a decision by the local zoning board of adjustment or other duly authorized local legislative body within twenty days of the initial order. RSA 677:2. RSA 677:4 provides that "[a]ny person aggrieved" by any decision, pursuant to a motion for rehearing, may appeal to the superior court, but such appeal must be made within thirty days after the decision is rendered. RSA 677:4.

The city argues that the developers' defense that the special zoning ordinance was ultra vires should be barred as untimely because it was not raised within the statutory periods for appeal as prescribed under RSA 677:2 and RSA 677:4, but rather more than five years after execution of the agreement between the city and the developers.

■■   As we have noted, RSA 677:2 and 677:4 set forth requirements and procedures for the rehearing and appeal of zoning related matters. *See* NEW HAMPSHIRE LAND USE LAW § 3-23, at 76 (W. Martin, Jr. ed., 1993). They have no applicability in this case, however. In contending that they do, the city attempts to fault the developers for failing to appeal the city's action in crafting the "zoning for payment" deal. The developers, however, had no reason to challenge the zoning arrangement, which was mutually agreeable to both sides. It would have been counterintuitive for the developers to have accepted the city's proposal and thereafter file an appeal on the ground that the proposal was illegal. Rather than being aggrieved parties, the developers had procured exactly what they sought — a special zoning overlay ordinance in exchange for the $2,500,000 payment. To maintain that the developers failed to follow the proper appeal procedure suggests that they had a grievance to appeal. Because they did not, RSA 677:2 and RSA 677:4 do not apply to bar the developers' affirmative defense of illegality in this separate cause of action.

■   We conclude that questions of the ordinance's legality and ultimately the binding effect of the promissory note are not questions of administrative action under RSA 677:2 and RSA 677:4, but affirmative defenses relating to the underlying legality of the legislative action. Both the developers' challenge and the district court's ruling were based on the authority of the city to assess an impact fee under both common and statutory law. As such, we hold that the developers' illegality defense is not barred by the appeal provisions of RSA 677:2 and RSA 677:4.

We answer the certified question in the negative.

*Remanded.*

BRODERICK, J., did not sit; JOHNSON, J., concurred in the result only; the others concurred.