**CITY OF PORTSMOUTH, NEW HAMPSHIRE, Plaintiffs– Appellants,**

v.

**Richard SCHLESINGER and William Weinstein, Defendants–Appellees.**

No. 94–1274.

United States Court of Appeals, First Circuit.

Heard Sept. 8, 1994.

Decided May 9, 1996.

Steven E. Grill, with whom Alexander J. Walker, Jr., and Devine, Millimet & Branch,

P.A., were on brief, Manchester, for appellants.

Christopher Cole, Portsmouth, with whom Peter S. Cowan and Sheehan, Phinney, Bass & Green, P.A., Manchester, were on brief, for appellees.

Before BOUDIN, Circuit Judge, ALDRICH, Senior Circuit Judge, and YOUNG,* District Judge.

PER CURIAM.

The Supreme Court of New Hampshire issued its opinion on March 12, 1996, in *City of Portsmouth v. Schlesinger, et al.*, 672 A.2d 712 (N.H.1996), responding to the question certified by this court on June 13, 1995. *See City of Portsmouth v. Schlesinger*, 57 F.3d 12, 18 (1st Cir.1995).

Having dealt with appellant's other arguments in our earlier decision, the sole remaining issue in this appeal is whether the appellees' so-called "illegality" defense was time barred. The district court held the defense timely and, ruling that it applied to appellant's conduct, entered judgment for the appellees. On appeal, this court considered that the timeliness issue turned on whether the short statutes of limitation found in New Hampshire Rev.Stat.Ann. sections 677:2 and :4 apply in the circumstances of this case. The New Hampshire Supreme Court has now responded in the negative when that question was certified to it. The New Hampshire Supreme Court ruled that the questions presented by this case—questions of an ordinance's legality and ultimately the binding effect of a promissory note—were not questions of administrative action subject to RSA 677:2 and :4, but were affirmative defenses relating to the underlying legality of the appellant's legislative action.

In light of the opinion of the Supreme Court of New Hampshire, we hold that the district court's judgment for the appellee must be *affirmed.*